UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------x

AARON PERRY RICHARD,

        Petitioner,

     -against-

SUPREME COURT OF NEW YORK, RICHMOND
COUNTY,

        Respondent.

-------------------------------------------x

**MEMORANDUM AND ORDER**
20-CV-1268(EK)(LB)

ERIC KOMITEE, United States District Judge:

Petitioner filed this action pursuant to 28 U.S.C. § 2241 on March 9, 2020. Petitioner properly paid the filing fee. For the reasons set forth below, the Petition is dismissed.

## I. Background

Petitioner claims he was arrested pursuant to a warrant for "not going to court in [P]ennsylvania" and arraigned in the Supreme Court of the State of New York, Richmond County. Pet. at 2.[1] That court is the named respondent in this action. *Id.* Richard challenges Respondent's jurisdiction and claims Respondent denied his opportunity to challenge extradition in violation of due process and "Article 570- New York Criminal Procedure Law." *Id.*

---

[1] The Court takes judicial notice of records showing that the Court of Common Pleas of Dauphin County, Pennsylvania issued a bench warrant for Petitioner's arrest on October 7, 2019. *See Commonwealth of Pennsylvania v. Richard,* Docket No. CP-22-CR-0001849-2019, https://ujsportal.pacourts.us/ DocketSheets/CPReport.ashx?docketNumber=CP-22-CR-0001849-2019&dnh= aKKDrArN%2bwQ6RFXOkMfscw%3d%3d (last visited Apr. 7, 2020).

1

According to Petitioner, he also "[r]equested The People Of The Court To Provide 46 U.S.C. Code §/80506 Delegation of authority" and for the record to reflect that Petitioner "Authorized The Set-Off For New York City Case Account # FG-300005-20RI." *Id.* Petitioner further asserts that the prosecutor improperly failed to "certify [his] rights of subrogation," and that he is "not the SURETY but the Principal on the bond attached to the case account number FG-300005-20RI." *Id.* at 3. In support of his claims, Petitioner attaches several Uniform Commercial Code ("UCC") and surety documents to his Petition. While the significance of these documents is unclear, Petitioner appears to claim that these documents show Respondent lacked jurisdiction over Petitioner or that Petitioner's arrest or arraignment was somehow improper. *Id.* at 2, 9-27. Petitioner's stated request for relief is "[f]or case account No. FG-300005-20RI to be set-off for value. . . 'Dismissed.'" *Id.* at 7. He further claims that he was "sent to jail," but identifies the Respondent court as his "place of confinement," not a jail or other detention facility, and provides a street address, not a prison, as his address of record for this action. *Id.* at 1, 2, 8.

## II. Discussion

Petitioner filed this action pursuant to 28 U.S.C. § 2241, which provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective

2

jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Section 2241 generally permits federal prisoners to challenge the execution of a sentence, but not the imposition of a sentence or an underlying federal conviction, which must be challenged under Section 2255. *See Cook v. New York Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under Section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Cook*, 321 F.3d at 278.

Here, it is unclear whether Petitioner is eligible to seek relief under Section 2241. To seek relief under Section 2241, petitioners must be "in custody" at the time they file their petition. *See* 28 U.S.C. 2241(c); *Carafas v. Vallee*, 391 U.S. 234, 238 (1968); *see also Garlotte v. Fordice*, 515 U.S. 39, 43-47 (1995). In the Petition, Petitioner identifies his "place of confinement" as the Supreme Court of New York Richmond County. Pet. at 1. He also provides a private street address in Staten Island as his address of record, *id.* at 8, 9, and uses another street address in the commercial documents he attaches

to the Petition. *Id.* at 15-20, 22, 24, 26. There is therefore no basis for the Court to conclude that Petitioner satisfies the "in custody" requirement of Section 2241.

Even if the Court assumes that Petitioner may seek relief under Section 2241,[2] his arguments do not suggest he is entitled to such relief. Petitioner appears to challenge either the criminal matter filed in Pennsylvania or his pretrial confinement on the ground that Respondent lacked jurisdiction over him due to his status as a secured creditor. Because the Petition generally sets out a series of unsupported, confusing and conclusory statements, the Court is unable to discern the basis for these challenges. From what the Court can tell, it appears Petitioner's claims are based on the UCC and surety documents attached to his Petition. As courts have explained, however, documents like these are not a proper basis for seeking habeas relief. *See Chambers v. Wilson*, No. 1:15-cv-646, 2016 WL 775779, at *6 (E.D. Va. Feb. 24, 2016) ("Petitioner's claims grounded in commercial law and secured transactions, even if they exist, are not cognizable under § 2241. Therefore, he is not entitled to habeas relief on these claims, and they must be dismissed."), *aff'd*, 669 F. App'x 129 (4th Cir. 2016); *Carter v.*

---

[2] If Petitioner is a pretrial detainee subject to the jurisdiction of the New York criminal courts, the Petition may be proper under section 2241. *See Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 488-89 (1973); *Hoffler v. Bezio,* 726 F.3d 144, 151 n.5, 155 (2d Cir. 2013).

*Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (affirming dismissal of Section 2241 petition because "[n]either the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the conditions of [the petitioner's] imprisonment . . . ."); *see also Brzezinski v. Smith*, No. 12-cv-14573, 2013 WL 2397522, at *3 (E.D. Mich. May 31, 2013) ("The UCC speaks only to commercial law and does not provide a proper basis for appealing a criminal conviction, writing a habeas petition, or bringing a civil rights action. . . .  Any appeal, habeas petition, or civil rights action that relied on the UCC would be frivolous.").

Accordingly, the Court holds that the Petition must be dismissed.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."); *Dory v. N.Y. State Comm'r of Corr.*, 865 F.2d 44, 45 (2d Cir. 1988) (per curiam) ("[A] petition for a writ of habeas corpus may be summarily dismissed [under Rule 4] if it fails to state a claim upon which relief may be granted.  Factual allegations must be patently frivolous

or false, or vague, conclusory, or palpably incredible [to invoke Rule 4].") (quotation marks and citations omitted).[3]

## III. Conclusion

For the reasons stated above, the Petition is dismissed.

No certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("[Section] 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right' . . . .") (citation omitted).

Although Petitioner paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

---

[3] Rule 4 applies to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)"); *id.* at Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 . . . .").

that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).[4]

       SO ORDERED.

_____/s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:  Brooklyn, New York
       April 14, 2020

---

[4] While the Petitioner is not proceeding *in forma pauperis,* the Court makes this certification under Section 1915 to account for the possibility that the Petitioner could seek *in forma pauperis* status on appeal.